SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

MAY 26 2011

J. T. NOBLIN, CLERK
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>as subrogee of Brian Kimball,<br><br>      *Plaintiff,*<br><br>      v.<br><br>BSH HOME APPLIANCES CORP;<br>LOWES COMPANIES, INC; and<br>DERRICK SMITH d/b/a MID SOUTH<br>INSTALLATION<br><br>      *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 3:11cv315 HTW-LRA |

## COMPLAINT
## JURY TRIAL DEMANDED

NOW COMES the Plaintiff, ALLSTATE INSURANCE COMPANY (hereinafter "Allstate"), as subrogee of Brian Kimball, by and through its attorneys, and for its Complaint at Law against Defendants, BSH HOME APPLIANCES CORP. (hereinafter "BSH"), LOWES COMPANIES, INC. (hereinafter "Lowes"), and DERRICK SMITH d/b/a MID SOUTH INSTALLATION (hereinafter "Mid South"), states the following:

### THE PARTIES

1.      Plaintiff Allstate is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois, and is duly authorized to conduct business in the State of Mississippi.

2.      At all times relevant, Allstate provided property insurance for Brian Kimball's dwelling located at 1035 Belhaven Street, Jackson, Mississippi (hereinafter "the Kimball residence").

3.      Defendant BSH is a corporation organized and existing under the laws of the

State of California with its principal place of business in Huntington Beach, California, and is engaged in the business of designing, manufacturing, marketing, distributing, and/or selling certain household appliances, including dishwashers.

4.      Defendant Lowes is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in North Wilkesboro, North Carolina, and is engaged in the business of marketing, distributing, supplying, and/or selling certain household appliances, including dishwashers.

5.      Upon information and belief, Defendant Mid South is a corporation organized and existing under the laws of the State of Mississippi with its principal place of business located at 2750 South Siwell Road, Suite E3 in Jackson, Mississippi, and is engaged in the business of, among other things, installing dishwashers.

6.      Jurisdiction is founded upon diversity of citizenship of the parties and an amount in controversy exceeding $75,000.00.  Subject matter jurisdiction exists in the Southern District of Mississippi pursuant to 28 U.S.C. §1332.  Venue is proper pursuant to 28 U.S.C. §115 and 28 U.S.C. §1391 as the final sale of the product to the consumer and the damage occurred in Jackson, Mississippi.

## FACTUAL ALLEGATIONS

7.      Upon information and belief, sometime in 2008, Brian Kimball purchased a dishwasher from Lowes (the "subject dishwasher").

8.      Upon information and belief, Defendant Lowes and/or Defendant Mid South installed the dishwasher at Brian Kimball's residence shortly thereafter.

9.      On April 2, 2009, a fire occurred in the kitchen at the Kimball residence and caused substantial damage to the residence and its contents.

10.     Subsequent investigation revealed that the fire originated at the subject dishwasher as a result of an internal electrical defect and/or malfunction within the dishwasher.

11.     Subsequent investigation also revealed that the subject dishwasher was designed, manufactured, tested, inspected, marketed, distributed, and/or sold by Defendant BSH.

12.     Upon information and belief, the subject dishwasher was not altered, modified, or repaired in any way subsequent to its purchase by Brian Kimball.

13.     Pursuant to his policy of insurance, Brian Kimball made a claim seeking indemnification and reimbursement for the damages caused by the April 2, 2009 fire.

14.     Plaintiff Allstate has since paid to or on behalf of Brian Kimball a sum of $245,230.29.

15.     In consideration of this payment by Allstate to Brian Kimball, and by operation of law, Allstate entitled to equitable subrogation and a contractual right to institute and pursue all legal remedies against the defendants that Brian Kimball could pursue, and to recover all funds Allstate paid to Brian Kimball.

## COUNT I
## STRICT PRODUCT LIABILITY – BSH

16.     Plaintiff Allstate repeats and re-alleges Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17.     At all times relevant, Defendant BSH designed, assembled, built, tested, inspected, distributed, and /or sold certain household appliances, including the subject dishwasher.

18.     The subject dishwasher was distributed for sale to the general public and consumers, including Brian Kimball, in the same condition in which it was manufactured, designed, assembled, tested, inspected, distributed, marketed, and/or sold.

19.     At all times relevant, the subject dishwasher was used by Brian Kimball for its customary, normal, and foreseeable use as a dishwasher.

20.     Upon information and belief, the subject dishwasher was not altered, modified, or repaired in any way subsequent to its purchase by Brian Kimball.

21.     At all times relevant, Defendant BSH was under a duty not to design, manufacture, market, sell and/or supply products, including the subject dishwasher, in a defective condition that was unreasonably dangerous to foreseeable users when used in a reasonably expected manner.

22.     The subject dishwasher was unreasonably dangerous and defective in light of its foreseeable and intended use at the time it left the control of Defendant BSH in one or more of the following ways:

   a.     The dishwasher was improperly manufactured so as to allow an electrical malfunction to occur;

   b.     The dishwasher was improperly designed so as to allow an electrical malfunction to occur;

   c.     The dishwasher was improperly tested so as to prevent electrical malfunction;

   d.     The dishwasher was improperly inspected so as to allow an electrical malfunction to occur;

   e.     The dishwasher was improperly manufactured using unsafe and improper materials;

   f.     Failed to warn of the risk of electrical malfunction and related risk of fire damage; and/or

   g.     Was otherwise unreasonably dangerous and/or defective.

23.     As a direct and proximate result of the failure of Defendant BSH to design, manufacture, and sell a safe dishwasher, Plaintiff Allstate, as subrogee of Brian Kimball, suffered damages, including the cost of repair and replacement, in the sum of $245,230.29.

4

WHEREFORE, Plaintiff ALLSTATE INSURANCE COMPANY, as subrogee of Brian Kimball, respectfully requests that judgment be entered in its favor and against Defendant BSH HOME APPLIANCES CORP in the sum of $245,230.29 plus costs, and for such other or further relief as this Court deems equitable and just.

**COUNT II**
**NEGLIGENCE – BSH**

24.     Plaintiff Allstate repeats and re-alleges Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

25.     At all times relevant, Defendant BSH owed a duty to Brian Kimball to exercise reasonable skill and care in designing, manufacturing, and/or selling the subject dishwasher.

26.     Notwithstanding this duty, and in breach thereof, Defendant BSH, by and through its employees, agents, and representatives, was negligent in one or more of the following ways:

a.     Failed to properly manufacture the subject dishwasher;

b.     Failed to properly design the subject dishwasher so as to prevent an electrical malfunction;

c.     Failed to properly test the subject dishwasher so as to prevent electrical malfunction;

d.     Failed to properly inspect the subject dishwasher so prevent an electrical malfunction;

e.     Failed to use safe and proper materials in the manufacture of the subject dishwasher;

f.     Failed to warn of the risk of electrical malfunction and related risk of fire damage; and/or

g.     Was otherwise negligent.

27.     As a direct and proximate result of the negligent acts and/or omissions to act on the part of Defendant BSH, Plaintiff Allstate, as subrogee of Brian Kimball, suffered damages, including the cost of repair and replacement, in the sum of $245,230.29.

5

WHEREFORE, Plaintiff ALLSTATE INSURANCE COMPANY, as subrogee of Brian Kimball, respectfully requests that judgment be entered in its favor and against Defendant BSH HOME APPLIANCES CORP in the amount of $245,230.29 plus costs, and for such other or further relief as this Court deems equitable and just.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – BSH

28.     Plaintiff Allstate repeats and re-alleges Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

29.     Defendant BSH was in the business of advertising, promoting, manufacturing, distributing, and/or selling products such as the subject dishwasher.

30.     Defendant BSH knew or had reason to know that the purchaser and user of its dishwasher would rely on the skill and judgment of BSH in their purchase and use of the product.

31.     Defendant BSH and/or its employees, subsidiaries, and agents impliedly warranted that the subject dishwasher was fit for the particular purpose for which it was intended.

32.     The subject dishwasher was not fit for its intended purpose and caused a fire at the Kimball residence.

33.     As a direct and proximate result of the breach of warranty on the part of Defendant BSH, Plaintiff Allstate, as subrogee of Brian Kimball, suffered damages, including the cost of repair and replacement, in an amount of $245,230.29.

WHEREFORE, Plaintiff ALLSTATE INSURANCE COMPANY, as subrogee of Brian Kimball, respectfully requests that judgment be entered in its favor and against Defendant BSH HOME APPLIANCES CORP in the amount of $245,230.29 plus costs, and for such other or

further relief as this Court deems equitable and just.

## COUNT IV
## NEGLIGENCE – LOWES

34.     Plaintiff Allstate repeats and re-alleges Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

35.     At all times relevant, Defendant Lowes owed a duty to Brian Kimball to exercise reasonable skill and care in the marketing, distributing, selling, and/or installing the subject dishwasher.

36.     Notwithstanding this duty, and in breach thereof, Defendant Lowes, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

a.     Failed to properly install the subject dishwasher in accordance with industry standards;

b.     Failed to use safe and proper materials in the installation of the subject dishwasher;

c.     Failed to properly test the subject dishwasher to determine whether the installation was completed correctly;

d.     Failed to properly inspect the subject dishwasher to determine whether the installation was completed correctly;

e.     Failed to properly warn of the risk of electrical malfunction and the associated risk of fire;

f.     Was otherwise negligent.

37.     As a direct and proximate result of the negligent acts and/or omissions to act on the part of Defendant Lowes, Plaintiff Allstate, as subrogee of Brian Kimball, suffered damages, including the cost of repair and replacement, in the amount of $245,230.29.

WHEREFORE, Plaintiff ALLSTATE INSURANCE COMPANY, as subrogee of Brian

Kimball, respectfully requests that judgment be entered in its favor and against Defendant

LOWES COMPANIES, INC., in the amount of $245,230.29 plus costs, and for such other or

further relief as this Court deems equitable and just.

**COUNT V**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – LOWES**

38.     Plaintiff Allstate repeats and re-alleges Paragraphs 1 through 15 of this Complaint

as though fully set forth herein.

39.     Defendant Lowes was in the business of advertising, promoting, manufacturing,

distributing, and/or selling products such as the subject dishwasher.

40.     Defendant Lowes knew or had reason to know that the purchaser and user of its

dishwasher would rely on the skill and judgment of Lowes in their purchase and use of the

product.

41.     Defendant Lowes and/or its employees, subsidiaries, and agents impliedly

warranted that the subject dishwasher was fit for the particular purpose for which it was

intended.

42.     The subject dishwasher was not fit for its intended purpose and caused a fire at

the Kimball residence.

43.     As a direct and proximate result of the breach of warranty on the part of

Defendant Lowes, Plaintiff Allstate, as subrogee of Brian Kimball, suffered damages, including

the cost of repair and replacement, in an amount of $245,230.29.

WHEREFORE, Plaintiff ALLSTATE INSURANCE COMPANY, as subrogee of Brian

Kimball, respectfully requests that judgment be entered in its favor and against Defendant

LOWES COMPANIES, INC., in the amount of $245,230.29 plus costs, and for such other or

further relief as this Court deems equitable and just.

8

## COUNT VI
## NEGLIGENCE – MID SOUTH

44.    Plaintiff Allstate repeats and re-alleges Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

45.    At all times relevant, Defendant Mid South owed a duty to Brian Kimball to exercise reasonable skill and care in the installation of the subject dishwasher at the Kimball residence.

46.    Notwithstanding this duty, and in breach thereof, Defendant Mid South, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

    a.    Failed to properly install the subject dishwasher in accordance with industry standards;

    b.    Failed to use safe and proper materials in the installation of the subject dishwasher;

    c.    Failed to properly test the subject dishwasher to determine whether the installation was completed correctly;

    d.    Failed to properly inspect the subject dishwasher to determine whether the installation was completed correctly;

    e.    Failed to properly warn of the risk of electrical malfunction and the associated risk of fire;

    f.    Was otherwise negligent.

47.    As a direct and proximate result of the negligent acts and/or omissions to act on the part of Defendant Mid South, Plaintiff Allstate, as subrogee of Brian Kimball, suffered damages, including the cost of repair and replacement, in the amount of $245,230.29.

WHEREFORE, Plaintiff ALLSTATE INSURANCE COMPANY, as subrogee of Brian Kimball, respectfully requests that judgment be entered in its favor and against Defendant

DERRICK SMITH d/b/a MID SOUTH INSTALLATION in the amount of $245,230.29 plus

costs, and for such other or further relief as this Court deems equitable and just.

Dated: May ___ 2011

Respectfully submitted,

ALLSTATE INSURANCE COMPANY,
as subrogee of Brian Kimball,

By: _____
One of Its Attorneys.

Brad M. Gordon
GROTEFELD HOFFMAN SCHLEITER
GORDON & OCHOA, LLP
311 South Wacker Drive, Suite 4500
Chicago, IL 60606
(312) 551-0200
(312) 601-2402 *facsimile*

Thomas Y. Page
PAGE KRUGER & HOLLAND
10 Canebrake Boulevard, Suite 200
Jackson, MS 39232
(601) 420-0333
(601) 420-0033 *facsimile*